## SCHILLING *v.* HOLMES *et al.*

AN under tenant, who takes a lease and receives possession from the tenant, becomes the tenant of the landlord, subject to all the duties and liabilities of a tenant to the landlord.

One of the most important duties of a tenant is to peaceably and quietly surrender the premises to the landlord as soon as the tenancy has expired.

If a stranger intrudes upon the premises and takes possession, either forcibly or otherwise, it is the duty of the tenant to take proper legal proceedings to regain the possession, so that he may surrender the same to the landlord.

The tenant is liable to pay rent until he has restored full and complete possession to the landlord, and his liability to pay the rent is not discharged by an eviction, unless under a title superior to the landlord's, or by some agency of the landlord.

If the tenant is evicted by a wrong-doer, the landlord is not bound to indemnify him.

When the notice to quit, in order to enable the landlord to determine the tenancy, is served on the original lessee, that notice binds the under tenants who acquire possession from the tenant after its service.

Those who lease from the tenant, after the landlord has served on him notice to quit, are liable to the landlord for double the monthly value of the premises.

APPEAL from the County Court of the County of San Francisco.

The facts are stated in the opinion of the Court.

*John Reynolds,* for Appellant and Respondent Schilling.

Is the tenant who is ousted by a stranger released from liability to his landlord for rent ? The landlord is not bound to protect his tenant against trespassers. (Smith's Landlord and Tenant, 211, and cases there cited.) A trespass by the lessor does not operate as a suspension of the rent. (Wm. Saund. 204.) Nor does a trespass by a stranger. (*Paradine* v. *Jane,* Alleyn, 26.)

*W. W. Chipman*, for Holmes, Appellant and Respondent.

The allegation of the complaint is, that defendant Holmes held and occupied under the superior tenant, Becker, and not from the plaintiff; if so, this holding over of this superior tenant by his agent or subordinate Holmes, and a dismissal of the action against the head, dismissed the whole. The Court should have dismissed as to Holmes for want of jurisdiction. (6 Johns. B. 272; 3 Id. 422; 10 B. & C. 816.)

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

The complaint in this case avers that, on the first day of May, 1861, the plaintiff, being the owner of a certain building in the City of San Francisco, leased the lower story of the same to the defendant Becker, for one month, for the monthly rent of seventy-five dollars; that Becker underlet portions thereof to Holmes and the other defendants; that Becker paid the rent up to September 1st; that on the first day of August, the plaintiff served on Becker a written notice, to quit and surrender the premises, on the first day of September, 1861; that a similar notice was also served on Becker, September 3d, requiring him to immediately surrender the possession; that on the fourth day of September, Becker removed from the premises, and left the other defendants in possession; and the latter have been in possession ever since; and that on the seventeenth day of September, he served a written notice on said other defendants, requiring them to quit and surrender the premises to him. He prays to be restored to the possession, and for damages and costs. The action was commenced before a Justice of the Peace, on the twenty-first day of September. The case was twice transferred, on the application of the defendants, from one Justice's Court to another; and on the ninth day of October, the plaintiff recovered judgment against the defendants Holmes and Kent, from which they appealed to the County Court. The Justice dismissed the action as against Becker, and all the other defendants except Holmes and Kent.

In the County Court, a jury was waived, and the case was tried

Schilling *v.* Holmes.

by the Court, who filed its findings of facts, and rendered judgment in favor of the plaintiff, and against the defendant Holmes, on the sixth day of October, 1862, for the possession of the premises, and one hundred and fifty dollars—trebled damages, for rents and costs. From this judgment both parties have appealed to this Court.

The Court below found that on the nineteenth day of September, 1861, Kent removed from the premises, leaving Holmes in the possession of the whole; that Holmes continued in possession until October 11th, when he was forcibly ejected therefrom by one Horber; that on the same day he commenced an action of forcible entry against Horber and the plaintiff in this action, Schilling, and on the nineteenth of October, recovered judgment therein against Horber and Schilling; that an appeal was taken from that judgment to the County Court, where Holmes recovered judgment against Horber for the restitution of the premises, and for treble the value of one and one-third month's rent, at seventy-five dollars per month, and Schilling recovered judgment therein against Holmes; that Horber was the agent of Schilling at the time of said forcible entry, "for the purpose of letting the said premises and collecting the rents thereof; and had general supervision of the premises." As a conclusion of law, the Court found that the plaintiff was entitled to the restitution of the premises, and the value of two-thirds of a month's rent, at seventy-five dollars per month.

The plaintiff contends that he is entitled to recover the rent of the premises against Holmes, as well after, as before, the forcible entry of Horber; and that the Court below erred in not rendering judgment for the rent which accrued subsequent to that time. When Becker removed from the premises, and Holmes, his under tenant, continued in possession, the latter became the tenant of Schilling, subject to all the duties and liabilities of a tenant to a landlord. One of the most important duties of a tenant is to peaceably and quietly surrender the premises to the landlord as soon as the tenancy has expired; and a failure or refusal to thus surrender, subjects the tenant to the penalties of the statute relating to tenants holding over after the expiration of their terms.

The entire possession must be delivered up, or the tenant's responsibility will not cease.   If a stranger has intruded upon the premises, and has wrongfully taken the possession from the tenant, either forcibly or otherwise, it is the duty of the tenant to take proper legal proceedings to regain the possession, that he may perform the duty imposed on him by law, of surrendering the possession to his landlord.   But until the tenant has performed this duty of restoring full and complete possession to his landlord, he still remains liable to the latter for the rent.   His liability to pay the rent is not discharged by an eviction, unless under a title superior to the landlord's, or by some agency of the landlord.   (Taylor's Landlord and Tenant, Sec. 378.)

If he is evicted by a wrong-doer, the landlord is not bound to indemnify him against it; but if the tenant is evicted or disturbed by the act of the landlord, or the acts of those who claim under or paramount to him, the landlord is bound to indemnify him; " but not against the tortious acts of third persons, for which the law affords the tenant a direct remedy against those who commit it." (Smith's Landlord and Tenant, 211 and notes.)   It follows, that if the defendant was evicted by the act of the plaintiff, or any person claiming under him, or acting as his agent therein, then the defendant is not liable to pay the rent from the date of such eviction; but if Horber was a wrong-doer, or was not acting as the agent of the plaintiff in evicting the defendant, then the defendant still continues liable for the rent, until he prosecutes his remedy against the wrong-doer, and regains the possession from him and restores it to the plaintiff.

The defendant has treated Horber as a wrong-doer, and attempted to implicate the plaintiff in the act of eviction, by instituting proper legal proceedings against Horber, and his landlord, Schilling.   He succeeded in that action against Horber, but failed to implicate Schilling in the act; and the latter therefore recovered judgment against him in the forcible entry proceeding.   The Court found that Horber was Schilling's agent for certain purposes, but it found, also, that " there was no testimony that said Horber had direction from the plaintiff to make such forcible entry, or any unlawful entry, or to do any unlawful act."   This shows that the eviction was not by

Schilling *v.* Holmes.

the plaintiff, or any one authorized by him; and the defendant therefore still continued liable for the rent.    It was his duty, upon obtaining judgment for the restitution of the premises, to procure the proper writ, and· upon being reinstated in the possession, to immediately surrender the premises to the plaintiff, and thus discharge himself from the liability for the rent.    If he has not done so, that is his fault.    It follows that the Court erred in failing to include in its judgment the rent which accrued subsequent to the date of the forcible entry.

The defendant, under his appeal, assigns for error that the Court should have dismissed the action, because the notice to quit, served August 1st, 1861, was not served on him, but on Becker, under whom he claimed; and he contends that he was entitled to a personal notice to enable the plaintiff to determine the tenancy.    The service of the notice to quit upon the original lessee, Becker, was sufficient; and that notice bound the under tenants, and especially Holmes, as to the possession acquired by him after the notice was served on Becker.    The statute would be liable to continued evasions if any other rule were to be adopted.    It would only be necessary for the tenant, after service of a notice, to sub-let to another, transfer the possession to him, and thus defeat the· rights of the landlord, by successive transfers of this kind, for an indefinite period of time.    (*Birdsall* v. *Phillips*, 17 Wend. 464.)

The defendant, however, contends that the fifth section of the Act of 1861, relating to landlords and tenants (Stat. 1861, 514), requires that in such case the notice must be served on the person who comes in under the tenant, before the plaintiff is entitled to recover more than single damages under the statute.    The first and second sections prescribe upon whom, and how, this notice to determine the tenancy must be served; and the notice, in this case, was properly served, under the provisions of that act.    Sec. 5 then provides, substantially, that if after such notice has been duly served, the " tenant or any other person who may have come into the possession of lands or tenements, under or by collusion with such tenant, shall willfully hold over," etc., he shall pay double the monthly value of the premises.    This provision evidently accords with the rule which we have laid down upon this subject, and treats

the after-occupying tenant as bound by the notice previously served.

The defendant also contends that the Court erred in trebling the value of the monthly rents, in rendering judgment. The Statute of 1861, being the latest law upon the subject, governs in such case, and that statute provides only for doubling the value of the monthly rents; and the Court below therefore erred in this respect. We see no abuse of the discretion vested in the Court below in its refusal to permit the defendant to file an amended answer.

The judgment is reversed, and the cause remanded.