## W<small>HITLOCK</small> *v.* M<small>ANCIET AND</small> B<small>IGNE</small>.

P<small>ROMISSORY</small> N<small>OTE</small>.—The alteration of a promissory note by a stranger with intent to cancel and extinguish it, affords no presumption of its payment, and does not destroy its obligation.

E<small>VIDENCE</small>—A<small>CCOMMODATION</small> I<small>NDORSER</small>.—Evidence of a debtor's ability to pay his debt is inadmissible to prove that a note given in payment thereof, and indorsed by a third party to the creditor for that purpose, was signed by the debtor for the accommodation of such indorser.

F<small>INDING</small> <small>BY</small> C<small>OURT</small>.—E<small>QUIVOCAL</small>, <small>HOW</small> C<small>ONSTRUED</small>.—When the language of a finding is equivocal, the construction which accords with the pleadings and supports the judgment, should be adopted.

APPEAL from Multnomah County.

*W. F. Trimble,* for appellants.

*J. C. Moreland,* for respondent.

By the Court, WATSON, J.:

This was an action on a promissory note executed by Pierre Mancient, appellants' testator, and E. H. Whitlock, and payable to respondent's order. The issues made by the pleadings were: 1. Whether Manciet was merely an accommodation maker. 2. Whether the note had been satisfied and discharged before the action was brought. The cause was tried by the court, who found that the note was executed to the respondent for a valuable consideration, and that immediately after its receipt he "indorsed the same and turned it over to the bank of Ladd & Tilton for the benefit of Pierre Manciet;" that at its maturity it was protested for non-payment, and the respondent being notified as indorser, paid the same in full. Judgment was given for respondent for the amount of the note with interest.

The appellants took several exceptions to the rulings of the court below, made during the progress of the trial, and have assigned numerous errors, all of which have received due consideration. Only a few of the points thus presented, however, need to be noticed here. One of these is that the court erred in denying their motion for a non-suit. The note sued on, when produced on the trial and offered in evidence, by the respondent, had a cut through the signatures of the makers, and bore the impression of a stamp purporting to be Ladd & Tilton's, over both in two different places. There was no evidence explanatory of these marks, and appellants claimed that they afforded a presumption that the note had been acquitted and discharged. The note was admitted, however, without explanation, and was essential

to the respondent's case.    If the appellants were right as to the legal presumption from the marks upon the note, the non-suit should have been granted.    Such marks would afford *prima facie* proof that whoever placed them on the note intended to cancel and extinguish it.

"If a promissory note or bond should chance to be found in the hands of the debtor, or if it be crossed, razed or torn in pieces, either of these circumstances will create a presumption that it has been acquitted; which presumption will remain until clear proof be brought that the debt is still owing." (Phillipps on Evidence, 676, note 192; *Garlock* v. *Géostner*, 7 Wend., 198; *Palmer* v. *Guernsey*, 7 Wend., 248.)

But unless there be some ground for imputing such an act to the person having the legal right to cancel and extinguish the obligation of the instrument upon which the marks appear, there is no room for such presumption.    Such an act by a mere stranger would only amount to a spoliation, and in no manner affect the obligation of the instrument.    (*Lubbering* v. *Kohlbrecker*, 22 Mo., 596; *Davis* v. *Tenney*, 1 Met., 221; *Hayden* v. *Goodnow*, 39 Conn., 164; *Bailey* v. *Taylor*, 11 Conn., 531; *Crabtree* v. *Clark*, 20 Maine, 337; 1 Greenleaf on Evidence, sec. 566.)

The answer in this case shows that the attempted cancellation of the note was the act of Ladd & Tilton, after respondent had paid them the whole amount due upon it, and after their power to do so had ceased.    There was no ground for any inference from the proof introduced, at the time respondent rested his case, that the marks were placed on the note by his authority or with his sanction, or that Ladd & Tilton had any right to cancel it.    We think, therefore, that the presumption of discharge, contended for by the ap-

pellants, did not exist, and that the denial of the non-suit was proper.

The appellants offered testimony on the trial to prove that Manciet had money on deposit at Ladd & Tilton's bank, when the note in suit was executed, which the court below refused to admit. They claim that this refusal was error. But they concede that Manciet was liable to Ladd & Tilton in the amount for which the note in suit was given, and that it was deposited in payment of such previous indebtedness, and we are at a loss to perceive the bearing of the evidence which was offered by them and rejected by the court. The argument in favor of its admission assumes, as a legal inference, that a debtor possessing available means for the present payment of his debt, will not obligate himself for its future payment; that being in no need of credit, he could not have stipulated for credit; that he must be presumed to have signed a note payable at a future day, and designed to be applied in payment of his own debt, as an accommodation maker, from the mere circumstance of his ability to make present payment. The evidence offered in this instance seems to us to have been clearly irrelevant, and should have been excluded.

The last point we deem necessary to examine is in reference to the second finding of fact. Appellants claim that this finding shows that the note in suit was delivered to the bank of Ladd & Tilton as the property of Manciet, and thereby became extinguished. If such was the character of the transfer to Ladd & Tilton the result claimed would certainly have followed. The language of the finding is that the respondent "indorsed the note and turned it over to the bank of Ladd & Tilton for the benefit of Pierre Manciet." Ordinarily this language would convey the meaning which the appellants contend for. But it is averred in the plead-

ings of both parties that the note was delivered to Ladd &
Tilton in payment and discharge of Manciet's antecedent
liability to them as indorser of E. H. Whitlock's note. The
note then must have become Ladd & Tilton's property, and
the only "benefit" accruing to Manciet—the liquidation of
his previous debt. And as the employment of the words
used in this sense would support the judgment, and in that
contended for by appellants would not, they should be so
interpreted. Such a construction both comports with the
pleadings of the parties and sustains the judgment, and, we
have no doubt, accords with the real intention of the court.
The findings, as a whole, we deem sufficient to support the
judgment, and, while not very full, to embrace substantially
all the material issues. The judgment must be affirmed.

Judgment affirmed.