## Luther D. Robinson v. Clarence F. Clark.

1. AGRICULTURAL SOCIETIES—*Sale of Privileges—Right to Protect Purchasers.*—A person applied to an agricultural society for the purchase of a privilege, and agreed upon the price to be paid for it, but there was no agreement that the purchase should be upon a credit. Not hearing further from him as to whether he was prepared to take the privilege, the society, on the evening before the opening day of the fair, sold it to another. *It was held,* that the mere fact that it had been agreed that the privilege should be sold for a certain price, which had not been paid, did not authorize the person applying for the purchase to exercise the privilege, to the detriment of one who had paid for it. Nor did it debar the society from protecting the purchaser who had paid his money from infringement.

2. SALES—*Credit—Right to Possession.*—Unless a sale is agreed to be made on credit, the payment of the purchase price is a consideration precedent to the right to take possession of the thing sold.

3. DAMAGES—*When Excessive.*—Where the evidence shows that the defendant in an action for assault and false imprisonment was acting in good faith and without malice, $400 is excessive, no actual damages being shown.

**Memorandum.**—Trespass for false imprisonment. Appeal from the Circuit Court of Warren County; the Hon. ARTHUR A. SMITH, Judge, presiding. Heard in this court at the December term, 1893. Reversed and remanded. Opinion filed May 22, 1894.

The opinion states the case.

GRIER & STEWART, attorneys for appellant.

KIRKPATRICK & ALEXANDER, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellee was ejected from the grounds of the Warren County Agricultural Society on Tuesday and Wednesday of the annual fair, held in September, 1892, for distributing score cards of the races, without first having purchased the privilege to do so. It was the business of appellant as " Superintendent of Grounds " to dispose of concessions and privileges and protect against infringement, persons who had

purchased them. The privilege of selling score cards for the races for the entire fair was sold by him to one King.

On Tuesday, the first day of the fair, appellee began distributing upon the grounds score cards of the races. When ordered to desist by appellant he insisted upon his right to do so and expressing his intention to continue, was ejected from the grounds. He claims that he was ejected by order of appellant, which, however, is denied by appellant.

On the following day he appeared upon the grounds and began the distribution of score cards of that day's races. He was ordered to desist and refusing, was, at the instance of appellant, arrested by a police officer of the society and ejected from the grounds.

Appellee sued appellant in trespass for false arrest and imprisonment and recovered a judgment for $400.

Appellee had no right to distribute score cards upon the grounds upon either Tuesday or Wednesday. The exclusive right to do so had been sold to King and it was the duty of the society to protect King against infringement by others. The officer upon whom rested the discharge of that duty was the superintendent of the grounds. Finding persons upon the grounds infringing upon the right of King by distributing score cards, appellant, as superintendent, had the right to expel them from the grounds if they persisted after being warned to desist, using no more force than was necessary to accomplish that purpose. He had the right to expel them or cause them to be expelled by police officers, without an order to that effect from the board of directors, or a by-law expressly authorizing it.

Appellee contends that he had the right to distribute, by virtue of a contract previously made with appellant. Some time prior to the fair appellee had applied to appellant for a purchase of the score card privilege. The price was agreed upon, but was not paid, and there was no agreement that the purchase should be upon a credit. Not hearing further from appellee as to whether he was prepared to take the privilege, appellant, on the evening before the opening day, sold to King. Unless a sale is agreed to be made as a credit

the payment of the purchase price is a condition precedent to the right to take possession of the thing sold. The mere fact that it had been agreed that the privilege should be sold to appellee for a certain price which had not been paid, did not authorize appellee to exercise the privilege to the detriment of one who had paid for it. Nor did it debar the society from protecting the purchaser who had paid his money, from infringement. The first instruction violated this rule of law.

The damages awarded by the jury were excessive. The evidence clearly shows that appellant was acting in good faith and without malice. Appellee, upon the other hand, persisted in doing what he had no right to do, and in exercising a privilege which he had not paid for, in violation of the requests and commands of the officers of the society. The conduct of the appellee was reprehensible and he deserved to be ejected from the grounds. The only ground upon which appellant could be held liable, was that more force than necessary was used. If it be conceded there was, and that the detention at the floral hall of one-half hour while appellant was advising with the directors as to what course to pursue was longer than necessary, the damages awarded were out of proportion to those sustained. Reversed and remanded.