[No. 1518.  Decided November 7, 1894.]

STEWART GORDON, *Respondent*, v. THE PARKE & LACY MACHINERY COMPANY.

INJUNCTION—EVIDENCE—INADMISSIBILITY OF PAROL TO VARY WRITTEN CONTRACT.

A written contract which enters minutely into the details of the agreement between the parties, indicates on its face that all its terms have been reduced to writing, and it cannot be added to or varied by parol proof of agreements that are in no wise collateral to, or independent of, its subject matter.

Where such a contract for the sale of a stock of goods has been made in writing, an oral contract between the parties to the effect that in consideration of such contract of sale, the seller will not engage in the same business in the same city, is not such a collateral undertaking as to permit parol proof thereof in explanation of the written contract.

Where it appears from the pleadings that plaintiff's case depends upon the admission of parol evidence where the law does not allow it, it is error to grant his application for a temporary injunction.

*Appeal from Superior Court, Spokane County.*

*Richardson & Gallagher* and *Cox, Cotton, Teal & Minor,* for appellant.

*Blake & Post,* for respondents.

The opinion of the court was delivered by

STILES, J.—Appellant, a corporation existing under the laws of Oregon, was alleged, in the complaint in this action, to have agreed with the respondent that it would withdraw from the city of Spokane and cease to do business there, in consideration of the purchase from it, by respondent, of sub-

stantially all its property located there, including machinery, fixtures, accounts and a building lease, for a large consideration named. Further allegations showed the passing of the money consideration and the transfer of the property, and the breach of the contract to cease doing business. An injunction was prayed pending the suit, and granted. This appeal is from the order granting the temporary injunction, and from a subsequent order refusing to dissolve it.

The answer filed by appellant admitted the substance of the transaction concerning the sale of property, as alleged in the complaint, but denied the making of any contract whatever by appellant whereby it undertook not to further engage in the business theretofore carried on by it in Spokane. As exhibits to the pleading appellant annexed a copy of a contract entered into between it and respondent, at Portland, Oregon, January 23, 1894, whereby in consideration of mutual agreements and covenants therein mentioned, each party became bound, viz :

"The party of the first part [appellant] its successors and assigns, will cause to be executed by its duly authorized officers, an assignment and transfer and conveyance to the said party of the second part [respondent], of all its right, title and interest in and to the following named property, owned by the party of the first part and now situate and being in the City of Spokane, Washington, and will within ten days from the date thereof deliver the same to the second party, to-wit : " Then followed a description of the property, and numerous details not necessary to state, and it was declared : "The intention and object of this agreement being to sell and deliver an. aggregate value of $29,000, the foregoing amounts being subject to alteration and increase or decrease after ascertainment by inventory ; total amount of said variation not to exceed $500. " Such goods as should exceed the inventory were to be left on storage with respondent. Other provisions of the contract related to the manner of payment to be made by respondent.

The instrument was executed in due form by both parties, in the presence of witnesses.

The reply admitted the execution and performance of the contract.referred to, and alleged that the contract described in the complaint was an oral agreement made contemporaneously with the written contract, and was a part of the consideration for the execution of the latter contract, proceeding from appellant to respondent, by which respondent was induced to enter into the arrangement, and without which he would not have done so.

Numerous affidavits *pro* and *con* are in the record, but it is not necessary to consider them at any length. We think they fall far short of establishing for the respondent a *prima facie* case. The circumstances narrated show a strong probability that the appellant intended to cease doing business at Spokane; but, aside from the respondent's assertion that a promise of the kind claimed was made to him by certain alleged agents of the corporation, there is no evidence of it. Some of these agents—those in the responsible management of the corporation—deny having made any such promise, and assert that they never heard of such a proposition. It may well be doubted whether a contract of this kind can be proven against a corporation without showing the authority of the agent to make it, based upon some antecedent corporate act or subsequent ratification with knowledge.

But it seems to us that the case should not have gone as far as the reading of affidavits. The reply was framed with a view to avoid the effect of the contract, and the rule of law that a formal written agreement, which appears to be complete, is presumed to contain the full record of the intentions of the parties to it, in regard to the subject matter, and that parol evidence of prior or contemporaneous stipulations, which would add to or take from the terms of the writing, are inadmissible. It is claimed, however, that this case is not within the rule named, since the alleged promise not to continue business in Spokane was a collateral agreement not connected with the subject matter of the principal contract (although it was a part of the consideration for the respondent's action), and not to be performed until after the full execution of the principal contract.

Where there have been collateral oral agreements and the parties have not, by their written contract, appeared to intend to reduce their entire negotiation to written form, there are many cases sustaining the admission of parol evidence concerning the unwritten terms of such agreements.  17 Am. and Eng. Enc. Law, p. 443 ; *Pierce v. Woodward*, 6 Pick. 206 ; *Chapin v. Dobson*, 78 N. Y. 74 (34 Am. Rep. 512) ; *Willis v. Hulbert*, 117 Mass. 151 ; *Graffan v. Pierce*, 143 Mass. 386 (9 N. E. 819).   But in all of the foregoing, as well as in many other cases which might be cited, the written contract itself was resorted to as the source of authority for receiving parol evidence ; and this is the universal rule.

"The test of the completeness of the writing proposed as a contract is the writing itself.   If this bears evidence of careful preparation, of a deliberate regard for the many questions which would naturally arise out of the subject matter of the contract, if it is reasonable to conclude from it that the parties have therein expressed their final intentions in regard to the matters within the scope of the writing, then it will be deemed a complete and unalterable exposition of such intentions.   If, on the other hand, the writing shows its informality on its face, there will be no presumption that it contains all the terms of the contract."

Jones, Const. Com. & Tr. Cont., p. 188; *National Cash Register Co. v. Blumenthal*, 85 Mich. 464 (48 N. W. 622); *Hubbard v. Marshall*, 50 Wis. 322 (6 N. W. 497); *Carr v. Hays*, 110 Ind. 408 (11 N. E. 25); *Eighmie v. Taylor*, 98 N. Y. 288; *Engelhorn v. Reitlinger*, 122 N. Y. 76, (25 N. E. 297); *Graffam v. Pierce, supra.*

Now the contract here to be considered was one of great detail, and entered minutely into all the matters undertaken by both parties, and was executed by both.   It covered the sale of the stock, accounts and lease of the place of business of the appellant in Spokane, with its furniture, fixtures and books.   The complaint says that the respondent's purpose in making the purchase was to continue business in the same line theretofore followed by appellant, in Spokane, with the merchandise to be sold to him, and that the object of the agreement that appellant would no longer carry on

business at that place was to prevent competition with him in the disposal of the goods acquired by him. If so, then, to the extent that the agreement referred to the goods which were the subject of the contract, it was certainly not collateral or independent, and we should expect to find some mention of the arrangement in a contract so precise in its terms and so formally drawn as this one. Not finding it there, the law concludes that the agreement alleged was not made, however much the appellant may have intended not to re-open business in Spokane.

This inspection of the pleadings showing that the respondent's case depends upon the admission of parol evidence where the law does not permit it, it was error to allow the temporary injunction as well as to refuse to vacate it upon the application made.

Reversed and remanded with directions to sustain the motion to dissolve the temporary injunction.

DUNBAR, C. J., and HOYT and ANDERS, JJ., concur..