[No. 7466.  Decided December 19, 1908.]

A. P. HOCKERSMITH et al., Appellants, v. R. J. FERGUSON
et al., Respondents.[1]

PLEADING—COMPLAINT—SEPARATE STATEMENT OF CAUSES.  Under
Bal. Code, § 4942, several causes of action must be separately stated,
even in equity, or the complaint will be struck out.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered February 3, 1908, in favor of the
defendants, upon granting motions to strike the complaint,
for failure to comply with an order requiring a separate state-
ment of causes of action.  Affirmed.

*Gay, Bailey & Rummens*, and *Thos. B. McMartin*, for ap-
pellants.

*G. E. Steiner, W. W. Felger, Fred H. Lysons, John A.
Djerf*, and *J. Y. C. Kellogg*, for respondents.

HADLEY, C. J.—In this cause some of the defendants
moved the court for an order to require the plaintiffs to
separately and severally plead the several causes of action
set forth in the complaint, and the defendants Timothy D.
Sullivan and others moved for an order to strike the com-
plaint upon the ground and for the reason that the complaint
contains more than one cause of action, which causes of
action are not separately stated.  The several motions were
granted, and thereupon the plaintiffs in open court stated that
they declined to plead further and would stand upon their
complaint, no leave to amend being asked.  Judgment was
thereupon entered striking the amended complaint, and the
plaintiffs have appealed.

The complaint is very long and cannot well be set forth here
at length.  We think, however, that an epitomized statement
of what the complaint seems to cover, and of the relief sought,

[1]Reported in 98 Pac. 670.

is found in the motion of the respondents Sullivan and Considine to strike the amended complaint. The motion enumerates the causes of action as follows:

"Against the defendants Ferguson, Clapp Estate Company, and Sullivan and Considine, for violation of the terms of a written lease. Against the defendants Ferguson, Clapp Estate Company, and Sullivan and Considine, for the violation of the terms of a certain oral agreement. Against the defendants Boyer and Sullivan and Considine for an alleged conspiracy against the plaintiffs. Against the defendant Erickson for wrongfully grading and lowering the street in front of the plaintiff's premises. Against the defendants. Sullivan and Considine for tearing down and moving away certain premises adjoining plaintiffs' premises. Against the defendants Sullivan and Considine for blocking the sidewalks near the plaintiffs' premises. Against the defendants Sullivan and Considine for opening the basement to plaintiffs' premises and thereby inviting and causing a public nuisance. Against the defendants Sullivan and Considine for causing water from the drain pipes to plaintiffs' premises to become stopped and clogged so that water accumulated therein and leaked through the roof. Against the defendants Sullivan and Considine for causing the drain pipes of plaintiffs' premises to empty near the entrance of plaintiffs' store. Against the defendants Sullivan and Considine for having caused the sewer pipes to empty and drain near the entrance to plaintiffs' premises. Against the defendants Sullivan and Considine for having offered the plaintiffs the sum of $3,000 to surrender and cancel their lease."

The above, we believe, is a fair enumeration of the points which seem to be covered by the complaint, and it is apparent that more than one cause of action is stated. They are stated in one continuous count, and no attempt is made to separately state them as distinct causes of action. As we understand the argument of appellants, it is to the effect that by reason of numerous demands and in order to avoid a multiplicity of suits, the action should be treated as one in equity, and that the court should examine into the merits of the several demands and enter a judgment covering them all as it shall find

them to respectively affect the several respondents. Assuming, without deciding, that the action should be treated as one in equity, that fact does not relieve appellants from observing the orderly rules of pleading. Our statute, Bal. Code, § 4942 (P. C. § 412), provides that several causes of action may be united in the same complaint, but they "must be separately stated." The motions of the respondents asked that the statute be observed in this respect. The respondents were entitled to have these separate statements so that they could severally demur or answer to them in an orderly way, and frame the issues in a clear and definite manner. The court could not do otherwise than grant the motions, and its judgment must be affirmed.

FULLERTON, RUDKIN, MOUNT, CROW, and DUNBAR, JJ., concur.