[No. 9826.  Department Two.  October 28, 1911.]

W. L. HOFFMAN *et al.*, *Respondents*, v. TRIBUNE PUBLISHING COMPANY, *Appellant.*[1]

EVIDENCE—TO VARY WRITING—SALES—TIME FOR DELIVERY. In an action for the price of a motor, a written contract for its sale, agreeing to telegraph the order to the factory and use all means to insure prompt delivery, cannot be varied by evidence of a contemporaneous parol agreement to make delivery within four weeks, and cannot be rescinded by the buyer if delivery is made within a reasonable time; especially where defendant's answer alleged that. delivery was to be made within a reasonable time, and opportunity was given defendant to show what constituted a reasonable time (DUNBAR, C. J., dissenting).

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered April 17, 1911, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Doolittle & Flaskett,* for appellant.

*J. W. Selden,* for respondents.

CROW, J.—Action by W. L. Hoffman and F. H. Godfrey, copartners, against the Tribune Publishing Company, a corporation, to recover the purchase price of three electric mo-

[1]Reported in 118 Pac. 306.

tors.    From a judgment in plaintiffs' favor, the defendant has appealed.

On July 13, 1910, respondents made, and appellant in writing accepted, the following proposition:

"July 13th, 1910.    F. H. G.
"Tribune Publishing Co., City.

"Gentlemen:    We submit the following figures on motors for your plant:

"One (1) 3 H. P. 220 volt 2° 60 cycle 1800 R. P.
    M. with pulley and base complete......... $68.00
"One (1) 5 H. P. 220 volt 2° 60 cycle 1800 R. P.
    M. with pulley and base complete..........  75.00
"One (1) 20 H. P. 220 volt 2° 60 cycle 1200 R.
    P. M. variable speed, phase wound, speed re-
    duction 50% for continuous service, with
    pulley, base and controller with fuse panel
    complete ............................ 431.00

"All above prices f. o. b. Tacoma.

"We agree to telegraph this order to factory and use all means to insure prompt delivery.    Hoffman & Godfrey.

"Accepted:    Tribune Publishing Co.
              "Per R. Roediger, Mgr.
"July 13th, 1910." ·

It is conceded that the two motors first above mentioned were immediately delivered.    In fact, they were then in the city of Tacoma.    The only controversy is in reference to the 20 H. P. motor, which the parties call the large motor.    It was not delivered until October 18, 1910.    Appellant then re- fused it, having previously notified respondents it had can- celed the order.    During the trial, appellant offered evidence to show a collateral oral agreement, claimed to have been made at the date of the written order and acceptance, by which respondents contracted to deliver the large motor within four weeks.    This evidence was rejected as tending to vary the written contract, and appellant now insists the trial court erred in excluding parol evidence of the oral collateral agreement relative to time of delivery, which it claims was made at the time it accepted respondents' proposal; and that

the court also erred in denying its offer, tender, and attempt to prove respondents, at the time of acceptance and as a consideration therefor, positively agreed to deliver the motor inside of four weeks. Appellant also tendered evidence to show it had notified respondents of its cancellation of the order. In passing upon respondents' objection thereto, the trial judge said:

"I will permit him [appellant's manager] to show what he did in reference to that; what right he had to cancel it, if he canceled it for failure of the other party to perform the agreed obligation, if he did not use due diligence."

In the answer, appellant, with reference to the large motor, alleged:

"That said plaintiffs promised and agreed to furnish said motor to defendant *within a reasonable time after July 13, 1910*, the date of said proposal. That defendant is engaged in the newspaper publishing business in the city of Tacoma, and that to facilitate defendant's said business, it was necessary that said large motor be delivered as soon as possible."

With reference to delivery, the written contract stipulated that respondents agreed to telegraph the order to the factory and use all means to insure prompt delivery. This not only shows the question of delivery was considered, but also that the final agreement of the parties was incorporated in the written instrument, which appellant now calls a "proposal," but which by its written acceptance became a written contract. The clause mentioned indicates an agreement to deliver as promptly as possible, without stating any specific or limited time, and excludes all idea of a time certain. The law which enters into the contract makes this an agreement to deliver within a reasonable time. What constituted a reasonable time was a question of fact which appellant was entitled to show by competent evidence. The trial judge expressed and announced his willingness to admit such evidence. His ruling was in harmony with the interpretation appellant had placed upon the contract by the allegations of its answer.

It did not plead any specified collateral agreement to deliver the motor within four weeks, or any other definite time. Upon the trial, however, it did insist upon its right to prove a collateral oral agreement to deliver in four weeks, irrespective of the question whether that period was or was not a reasonable time.

The contract upon its face shows the question of time was considered; that all respondents would agree to do was to telegraph the order to the factory and use all means to insure prompt delivery. The incorporation of this stipulation in the agreement was, in substance and effect, a refusal to contract for delivery by any certain date. By accepting respondents' written offer, appellant assented to this refusal. Its written acceptance completed the contract of sale, containing respondents' agreement to deliver as promptly as would be possible in the exercise of due diligence. If respondents failed to deliver within a reasonable time, appellant, by showing that fact, and also showing its rescission on account of such failure, would have avoided liability. Its attempt to show an agreement to deliver within four weeks, a fixed and specific time, varied the terms of the written contract, which was complete on its face, was not ambiguous or uncertain, and was not challenged for fraud or misrepresentation. Respondents' evidence disclosed the fact that they caused the order to be immediately telegraphed to the factory; that they confirmed it by letter; that before the motor arrived, a number of letters, telegrams, and tracers were sent by them to hasten the delivery; and that they did exercise due diligence. Appellant offered no evidence to show any lack of diligence or unnecessary delay. When an instrument on its face shows the parties have reduced to writing the result of their negotiations, thereby expressing their completed contract, parol evidence of an oral collateral agreement which tends to contradict or vary the written instrument is not admissible. This rule is elementary. *Gordon v. Parke & Lacy Mach. Co.*, 10 Wash. 18, 38 Pac. 755; *Tobin v. Mc-*

*Arthur*, 56 Wash. 523, 106 Pac. 180; *Hockersmith v. Ferguson*, 63 Wash. 581, 116 Pac. 11.

Evidence of the alleged oral collateral agreement was properly excluded. The judgment is affirmed.

Morris and Ellis, JJ., concur.

Dunbar, C. J. (dissenting)—I do not think the proof offered was an attempt to, or tended to, vary the terms of a written contract by parol testimony, nor to contradict the written contract. The contract did not specify the time of delivery, and the statement of the respondents that they would use all means to insure prompt delivery was certainly consistent with the idea that they were pledging prompt delivery, at the time agreed upon in the oral contract. I think the testimony was admissible, and am therefore compelled to dissent.