[No. 10538. Department One. December 12, 1912.]

## A. P. Hockersmith et al., Appellants, v. Timothy D. Sullivan et al., Respondents.[1]

Pleading—Complaint—Separate Statement of Causes. Under Ballinger's Code, § 4942, requiring several causes of action to be separately stated, a complaint may be struck out where it pleads as one cause of action, a wrongful eviction from a leasehold, damages by reason of a leaky roof, and injury from change of a street grade.

Landlord and Tenant—Quiet Enjoyment—Acts of Wrongdoers. Inasmuch as a lease granting quiet enjoyment does not insure against third parties who are wrongdoers, the landlord is not liable for damages to the leasehold by reason of work done by a city in grading a street.

Same—Sublease—Assignment—Acquisition by Landlord—Liability for Rent. Upon a subletting for the full term, which is an assignment pro tanto, the landlord may acquire the interests of the subtenant without incurring any liability except for unpaid rent.

Same—Relation—Tenancy from Month to Month. An unacknowledged lease for more than one year creates a tenancy from month to month only.

Same—Eviction—Interference With Enjoyment. A tenant in possession who pays rent cannot claim that the landlord's interference with his enjoyment during occupancy amounts to an eviction.

Same—Repairs—Liability. Where the tenant assumes the obligation to repair the building, he cannot recover damages by reason of a leaky roof.

Appeal from a judgment of the superior court for King county, Myers, J., entered April 25, 1912, in favor of the defendant by direction of the court, in an action for damages. Affirmed.

*John E. Humphries* and *G. W. Sampson,* for appellants.

*Miller & Lysons,* for respondents.

[1]Reported in 128 Pac. 222.

MOUNT, C. J.—This action was brought to recover alleged damages for wrongful eviction from leased premises, and for damages to goods by reason of the leaking of the roof upon the leased building, and also for damages caused to the plaintiffs' business by the grading of the street in front of the premises. The complaint charged these different items of damages as one cause of action. The defendants moved the court to strike the complaint, because it contained more than one cause of action, which causes were not separately stated. This motion was sustained. The plaintiffs thereupon filed an amended complaint, setting out three causes of action. For the first cause, the complaint, after alleging the leasehold interest of the plaintiffs, recited, in substance, that in November, 1906, while plaintiffs were in the possession of the premises, the city of Seattle, by ordinance, provided for grading and cutting down Madison street in front of the premises, and thereafter contracted with one C. J. Erickson to perform the work, which was done by removing the earth and lowering the level of the street about eighteen feet below the entrance of the premises, thus rendering the premises inaccessible and of no value, and compelling the plaintiffs to remove from the premises for the period of three months, to their damage, in the loss of rental and business, in the sum of $700 per month.

For a second cause, the complaint alleged the leasehold interest of the prior owners, and that thereafter in April, 1906, when defendants became the owners of the property subject to the lease of plaintiffs, defendants, by a course of conduct which was intended to, and did, interrupt the said tenancy and rendered the leasehold of no value, caused the surrounding buildings to be torn down and moved away, blocked the sidewalk, street, and alley adjacent to the plaintiffs' storeroom, and caused water from the roof to leak upon and damage plaintiffs' goods in the sum of $1,000; loss of rentals in the sum of $1,500, and damages to fixtures in the sum of $600.

For a third cause of action, the plaintiffs alleged that they had leased a part of the premises to one Charles E. Boyer, who was, on July 1, 1907, prevailed upon to assign and transfer all his rights to the defendants, and refused to make any allowance for rent to the plaintiffs. Defendants demurred to each of these causes of action upon the ground, that there was a defect of parties; that it did not state facts sufficient to constitute a cause of action; and that the action was not commenced within time. These demurrers were sustained as to the first and third causes of action, and denied as to the second. An amended complaint was then filed, which set out the second cause of action substantially as above stated. The defendants answered by general denial, and affirmatively that the controversy had been settled, and that the judgment in the former action of *Hockersmith v. Ferguson*, 51 Wash. 256, 98 Pac. 670, was an adjudication of the matters set out in the complaint. After reply, the cause was tried to the court and a jury. At the conclusion of the case, the trial court directed a verdict for the defendants. Plaintiffs have appealed and argue, (1) that the court erred in striking the first complaint.

There was no error in this ruling. In *Hockersmith v. Ferguson*, 51 Wash. 256, 98 Pac. 670, which was a case involving this same lease and the same alleged damages, we said:

"Our statute, Bal. Code, § 4942 (P. C. § 412), provides that several causes of action may be united in the same complaint, but they 'must be separately stated.' The motions of the respondents asked that the statute be observed in this respect. The respondents were entitled to have these separate statements so that they could severally demur or answer to them in an orderly way, and frame the issues in a clear and definite manner. The court could not do otherwise than grant the motions, . . . ."

The original complaint in this case was substantially the same as in the one then under consideration in that case.

The motion to strike was properly granted under the rule of that case.

It is next argued that the court erred in sustaining the defendants' demurrer to the first and third causes of action stated in the amended complaint. The first cause of action alleges that the city ordered the street graded in front of the leased premises, and employed a man to do that work. It is not alleged that the landlord had anything to do with this work; it was done by the city or by its authority. The landlord was powerless to prevent the work, even if he desired to do so. No claim is made that the leased premises were taken by the city or by any one, but simply that the street was cut down so that the premises were rendered useless. If this work of the city or its employees was wrongful and resulted in the property becoming useless to the plaintiffs, the lessors, or the defendants in this case, were not liable for such wrongdoing. *Schilling v. Holmes*, 23 Cal. 227; *Branger v. Manciet*, 30 Cal. 625. A lease granting to the tenant quiet enjoyment does not insure against third parties who are wrongdoers.

The third cause of action alleged that on December 9, 1905, plaintiffs sublet one of the stores on the property to one Charles E. Boyer, for the full term of their own lease; that on July 1, 1907, defendants, by inducement and intrigue, prevailed upon said Boyer to assign all his interest in the said premises to the defendants, who were then owners in fee; that defendants refused to pay rent to the plaintiffs. Assuming that the leasehold from the plaintiffs was a valid lease for the term named therein, the lease from plaintiffs to Boyer was a lease for the full term, and therefore operated as an assignment *pro tanto*. *Weander v. Claussen Brewing Ass'n*, 42 Wash. 226, 84 Pac. 735, 114 Am. St. 110. Defendants, being the owners in fee, therefore had a right to acquire the interest of Boyer in the property. The only right plaintiffs would have against the defendants would be an action for debt on account of rent unpaid. Such

action was void by lapse of time. The court, therefore, properly sustained the demurrer to these two causes of action.

The cause was tried to the jury upon the second cause of action, as above stated. At the close of the evidence, the court directed a verdict for the defendants. Plaintiffs contend that this was error. It appears that, in 1905, the property was owned by the Cyrus F. Clapp Estate Company. On April 1, 1905, that company leased the premises to R. J. Ferguson and wife for a period of five years from that date. In December, 1905, Mr. Ferguson agreed to lease the premises to the plaintiffs for a period of two years from January 1, 1906. Plaintiffs went into possession, and a written lease was prepared and signed by the parties, which was not acknowledged by Ferguson. The premises at that time contained two store buildings, Nos. 215 and 217 Madison street. On the same day the plaintiffs took possession, they sublet the store, No. 217, to C. E. Boyer for the full term of two years. On April 2, 1906, the defendants purchased the property from the Clapp Estate Company. At that time the lease from Ferguson to the plaintiffs was of record, but was not acknowledged by Ferguson. The plaintiffs continued in possession of the building at 215 Madison street until September 16, 1907, when they vacated the premises. They had paid rent up to August 31 preceding. Thereafter, in October, 1907, the plaintiffs brought an action against these defendants and a number of other defendants, setting forth the same claims for damages which are made in this action. That action was dismissed, and the dismissal was affirmed by this court. *Hockersmith v. Ferguson*, 63 Wash. 581, 116 Pac. 11.

Thereafter, in July, 1911, this action was brought against the defendants, who had purchased the property while plaintiffs were in possession of the store building, 215 Madison street. It is apparent that the court properly directed a verdict, because the lease from Ferguson was an unacknowl-

edged lease for more than one year. The plaintiffs, therefore, were tenants from month to month. *Brownfield v. Holland*, 63 Wash. 86, 114 Pac. 890.

"Where a tenant remains in possession of premises and pays rent therefor, he cannot claim that acts of the landlord interfering with his enjoyment of the premises during his occupancy thereof amount to an eviction." *Ralph v. Lomer*, 3 Wash. 401, 28 Pac. 760.

In *Hockersmith v. Ferguson*, 63 Wash. 581, 116 Pac. 11, in considering the same lease and tenancy, we held that it was the duty of the plaintiff in this action to repair the building. Inasmuch as the principal damages complained of were caused by the roof leaking, it is apparent that the defendants were not liable for damages caused thereby. The evidence fails to show any eviction by the defendants, or any damages for which the defendants are liable. We are also of the opinion that the other action brought against these same defendants was *res adjudicata* of all claims made in this case. But in view of our conclusion upon the merits, it is needless to consider that question.

The judgment is therefore affirmed.

PARKER, CROW, GOSE, and CHADWICK, JJ., concur.