[No. 13417.   Department Two.   August 4, 1916.]

## L. J. DOBRENTAI, *Respondent*, v. HENRY G. PIEHL, *Appellant*.[1]

TRIAL—FINDINGS—CONSTRUCTION.   A finding that an "exclusive concession" to sell lunches, refreshments, etc., on certain premises of the grantor, was violated by a tenant of the grantor occupying an adjoining storeroom, "with the consent of the grantor," is sufficient to show an active, rather than a passive consent, rendering the grantor liable in damages; under the rule that equivocal findings, in the absence of the evidence, will be construed to support the judgment, if susceptible of such construction.

CONTRACTS—FOR CONCESSIONS—BREACH—LIABILITY.   The owner of premises granting an "exclusive concession" to sell lunches, refreshments, etc., upon the premises, is bound to protect his grantee against all wrongdoers, including tenants claiming under him.

ACTIONS—JOINDER—JUDGMENT—MISJOINDER—WAIVER.   In an action against the grantor of an exclusive concession, for damages for breach of the contract, committed by the grantor's tenants "with the consent" of the grantor, it is not error to enter a separate judgment against the grantor for breach of his contract, and only for nominal damages against the tenants; especially where no question of misjoinder of causes of action was suggested below.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 4, 1915, upon findings in favor of the plaintiff, in an action for an injunction and damages, tried to the court.   Affirmed.

*Blair & Blinn*, for appellant.

*E. L. Sanders* (*Ralph Simon*, of counsel), for respondent.

PARKER, J.—The purpose of the plaintiff Dobrentai in commencing this action in the superior court was to have the defendants Piehl, and Jewell and Bunting, copartners, enjoined from interfering with his concession to sell refreshments in front of the building known as the Steeplechase, at Alki Beach, in King county, and incidentally to recover damages for such interference.   We are here concerned only with

[1]Reported in 159 Pac. 371.

the judgment for damages, awarded by the court upon trial without a jury, against the defendant Piehl for the sum of $290, from which he has appealed.

The principal question for our consideration is as to the correctness of the judgment against appellant, in the light of the findings of the trial court, the evidence not being before us. The controlling facts so appearing may be summarized as follows: Appellant is the owner of the premises known as the "Steeplechase," and also the storeroom immediately adjoining known as the "Sea-Side Drug Store." Jewell and Bunting, as copartners, are engaged in the drug business in this storeroom as tenants of appellant. On March 17, 1915, a contract evidenced by the following writing was entered into between appellant and Mrs. Eva Barth:

"Seattle, Wash., March 17, 1915.
"Received in full of Mrs. Eva Barth two hundred dollars and one cluster diamond ring representing forty-five dollars, for the exclusive concession to serve lunches, refreshments, popcorn, peanuts and for all other purposes pertaining to same for the season of 1915 in and in front of the building known as the Steeplechase at the corner of 61st and Alki Avenue, Alki Beach, the space behind the counter and railing in said building premises to be kept in sanitary condition and no sleeping premises at night. Signed: Henry G. Piehl."

This so-called concession was assigned by Mrs. Barth to respondent on May 10, 1915, with the consent of appellant, and respondent immediately commenced to exercise his rights thereunder. Touching the invasion of respondent's rights under this contract and appellant's responsibility therefor, the trial court found:

"That in the same building and in the room adjoining the room and premises mentioned in said contract the defendants Jewell and Bunting were at the said time engaged in the said drug business, and immediately after the plaintiff entered into possession and occupation of said premises defendants Jewell and Bunting acting without the consent and over the objections of the plaintiff removed a large window in the wall and

partition that had theretofore divided the said drug store from the room and premises leased by the plaintiff, and occupied by plaintiff under said contract and for the period of several weeks after the time that the plaintiff entered into occupancy of said premises the defendants, Jewell and Bunting, with the consent of the defendant Piehl competed with the plaintiff in the sale of the articles, goods, and merchandise mentioned in said contract by erecting, maintaining, and opening counters and other fixtures in their said drug store and that during all the said time the defendants Jewell and Bunting with the consent of the defendant Piehl permitted the door in the said partition wall to be opened out into the premises of the plaintiff, and caused thereon to be displayed signs and posters advertising and soliciting the patronage of the public to the said drug store of the articles of merchandise described in said contract, the exclusive concession for the sale thereof which had been granted to the plaintiff, and that by reason of the interference of the defendants with the business of the plaintiff on the premises which the defendant Piehl had reserved in said contract for the use of the plaintiff the volume of the plaintiff's business, was thereby diminished and a large portion of same diverted to the defendants causing the same to be conducted to his loss and damage by reason of said acts in the sum of $300; that the defendants Jewell and Bunting are responsible for said plaintiff's loss in the sum of $10, and that the defendant Henry G. Piehl is responsible for said loss in the sum of $290."

Counsel for appellant invoke the general rule that a covenant in a lease for quiet enjoyment on the part of the tenant does not insure against the invasion of his rights thereunder by third parties who are wrongdoers acting independent of the lessor, as held by us in *Hockersmith v. Sullivan*, 71 Wash. 244, 128 Pac. 222. The argument of counsel seems to be that the findings are not sufficiently certain to render appellant liable for this invasion of respondent's rights, because they do not show clearly that appellant actually participated in the wrong. The court found that the defendants Jewell and Bunting acted "with the consent of the defendant Piehl" in what they did, to the injury of respondent. This, it may

be conceded, is not very clear touching the part that appellant played in this interference with the rights of respondent under his contract. It is the general rule, however, which we think applicable to the facts of this case, that, when the language of findings is equivocal and susceptible of a construction which will support the judgment, though also susceptible of another construction, that meaning will be given to the findings which support the judgment rather than one which would defeat it. *Whitlock v. Manciet,* 10 Ore. 166; *Cantwell v. Nunn,* 45 Wash. 536, 88 Pac. 1023.

Having this rule in mind, and in view of the fact that Jewell and Bunting were tenants of appellant occupying the adjoining storeroom, and in view of the judgment rendered by the court, we are constrained to hold that the language of the findings is sufficient to show that appellant's consent was active rather than merely passive, and was the controlling cause of the actions of Jewell and Bunting. This, we think, is the correct conclusion even though we should regard respondent as a lessee rather than as a concessioner. Should he be regarded as a concessioner in the usual acceptation of that term, which would seem to be the correct view, looking to the words of his contract alone, his right to damages as against appellant would be even more certain, since the law seems to be that in such cases the grantor is bound to protect his grantee as against all persons regardless of whether the wrongdoer is claiming under the grantor or not. *Robinson v. Clark,* 53 Ill. App. 368; 2 C. J. 994. We conclude that the findings support the judgment against appellant.

Some contention is made on appellant's behalf that the trial court erred in rendering judgment separately against appellant and Jewell and Bunting. This argument apparently proceeds upon the theory that respondent's cause of action was for a tort and therefore not divisible. That this was so as against Jewell and Bunting is probably true, but we do not think it was so as against appellant Piehl. As to the former, the trial court seems to have awarded nominal

damages only.  As to the latter, we think the judgment can well rest upon the breach of appellant's contract with respondent.  We conclude from the record before us that this contention is made for the first time in this court.  We find nothing in the record indicating that the question of misjoinder of causes of action was suggested to the trial court, so we think the contention does not merit serious consideration.

The judgment is affirmed.

BAUSMAN, MOUNT, HOLCOMB, and FULLERTON, JJ., concur.