### LOUIS A. SCHOEN v. N. S. SUNDERLAND.

1. SALE OF LAND —*Parol Evidence, When Not Precluded by Written Contract.* A written contract or memorandum signed by both parties to a contract of sale of land, which merely states where it is located and provides when and how the payments thereon shall be made, will not preclude evidence or parol contemporaneous statements and representations of the vendor, relied upon by the vendee, of the quality and condition of the land and improvements thereon.

2. PAROL CONTRACT, *Not to Vary Written Agreement.* A parol contract may be made between the parties contemporaneously with the written agreement if it is separate and independent in its terms, and in no way alters, varies or contradicts the written stipulations.

3. NEW TRIAL —*Affidavit, Stricken Out.* An affidavit offered in support of a motion for a new trial, verified before the attorney of record of the party making such motion, should be stricken from the record.

*Error from Greenwood District Court.*

ACTION by *Sunderland* against *Schoen* to recover damages resulting from the sale by defendant to plaintiff of certain land, to wit, the southwest quarter of section 4, township 13,

range 16, in Ellis county, Kansas. Plaintiff alleged that defendant, to induce him to buy said land, and with the intent to cheat and defraud him, made to him certain false statements concerning it, defendant well knowing the same to be false. Trial at the December term, 1886, and judgment for plaintiff for $594.85, and for costs taxed at $68.95. The defendant brings the case here. The material facts are 'stated in the opinion.

*R. C. Summers,* for plaintiff in error.

*F. A. Brogan,* for defendant in error.

Opinion by HOLT, C.: This action was tried by a jury; verdict and judgment thereon for defendant in error, plaintiff below, in the sum of $594.85. The defendant complains in this court of the rulings on the admission and rejection of evidence over his objection, and the refusal to grant a new trial. The action arose from the following facts: In April, 1885, the plaintiff sold the defendant some lots in Kansas City, Mo., and took in part payment therefor a farm of 160 acres in Ellis county, Kansas. The plaintiff lived at Larned, Kansas, and the defendant in Kansas City, Mo. The trade was brought about through Jackson & Bordon, real-estate agents in Kansas City; the defendant having spoken to them about wishing to trade, they wrote a letter to plaintiff concerning his lots in Kansas City. Up to this time these agents did not hold any property of either party to sell. The letter is as follows:

"KANSAS CITY, Mo., Mar. 30, 1885.

"*N. S. Sunderland, Esq., Larned, Kansas*—DEAR SIR: Have you sold your 49 ft. on Independence Ave. yet? We have a party who wishes to purchase. He has 160 acres of land in Ellis county, Kansas, 5 miles from Russell, 6 miles from Walker and Victoria, all R. R. towns; all good tillable land, 80 acres under cultivation; 4-room house, Kansas barn, well, &c. S. W. ¼ sec. 4, town. 13, R.16. He holds land at $2,000. If the land will suit you, what terms can you make him on balance at $80 per ft., $7,520 for lots?

"Hoping to hear from you soon, we are respectfully yours,

JACKSON & BORDON, (700 Delaware St.)"

In answer to that letter the plaintiff went to Kansas City himself, and a trade was made and the land exchanged, a deed being given him by Schoen and wife to Sunderland, and Sunderland conveying to plaintiff the Kansas City lots. At the trial, plaintiff, over objection of defendant, proved that Schoen, the defendant, stated to him as a part of the inducement to trade, that the farm in Ellis county was all tillable land, and that twenty acres of it were under cultivation; that there was a four-room house, Kansas stable, and a well upon it. It was conclusively proven that there was no house, the one formerly upon the land having been burnt a long time before this sale was made; that the Kansas stable had fallen in; that there never had been a well upon the premises; that at one time quite a number of acres of it had been under cultivation, but at the time of the sale only two acres were under cultivation, and that one-half of the land was poor and covered with stones and gumbo, and was rough, uneven and unfit for tillage. The defendant contends that this testimony ought not to have been introduced, because there was a written contract in regard to the land; and in the absence of any allegation of fraud, accident or mistake in the petition, such testimony was not admissible. During the negotiations a contract or memorandum was signed. The defendant offered to prove that all the contract, or as one witness called it, a "memorandum contract" contained, was simply locating the one hundred and sixty acres of land in Ellis county; that nothing whatever was said therein about the quality of the land or the improvements thereon. He testified himself concerning this writing, "There was just a small slip of paper putting down the terms, etc., for the papers to be made out accordingly:" the papers he had reference to were the deeds and mortgages afterward executed. It matters very little what we may call the written instrument. For it is very clearly apparent that it only located the land to be conveyed, and the time certain deferred payments were to be made by Schoen to Sunderland. There was nothing whatever in this memorandum concerning the quality or condition of the land in Ellis county. The

defendant contends that this testimony showing the condition of the land should not have been admitted, and that by so doing the contract entered into was varied and changed by the evidence. We consider this an important matter in the case, for without such testimony the plaintiff would not be able to recover. We think, however, that this evidence does not vary, alter or change the contract or memorandum, whatever the writing may be called. The evidence of the quality and condition of the land was about matters not attempted to be put in writing; it was outside of the contract and memorandum; contemporaneous with it, to be sure, but in no way conflicting with, altering or changing it; neither party thought of putting a description of the quality of the land or improvements thereon, in writing; the contract was simply to furnish data from which to execute the deed to the land, and the mortgages to secure the deferred payments. The contract being about another matter entirely, does not change the memorandum in writing. (*Babcock v. Deford,* 14 Kas. 408; *Weeks v. Medler,* 20 id. 57; *McNamara v. Culver,* 22 id. 661; *Dodge v. Oatis,* 27 id. 762.)

The only other alleged error we care to examine is, that one of the jurors made an affidavit before defendant's attorney of record, stating that the jury had agreed to add together the amounts named by two of the jurymen, being the highest and lowest amounts, divide the sum by two, and the quotient should be the verdict. Upon motion of plaintiff this affidavit was stricken from the files. That was correct. (*Warner v. Warner,* 11 Kas. 121.) No effort was made to introduce further testimony; this was the only evidence to base a motion for a new trial upon; when it was stricken from the files there was nothing left for the court to pass upon. Very properly it overruled the motion for a new trial.

We believe the verdict and judgment are correct, and that the judgment should be affirmed, and we so recommend.

By the Court: It is so ordered.

All the Justices concurring.