(59 App. Div. 360.)

### LOVE et al. v. HAMEL.

(Supreme Court, Appellate Division, Third Department. March 6, 1901.)

EVIDENCE—WRITTEN CONTRACT—VARYING—CONTEMPORANEOUS PAROL AGREE-
MENT—ADMISSIBILITY.

Before a written contract for the purchase of a lunch wagon was exe-
cuted, defendant agreed that he would not maintain a lunch wagon in
the same town, but such provision was not inserted in the contract, be-
cause defendant said it was unnecessary. In an action for breach of the
contract by maintaining a lunch wagon in the city, *held* error to admit
evidence of the oral contract.

Appeal from Tompkins county court.

Action by Robert M. Love and another against Ephraim Hamel.
From a judgment in favor of plaintiffs, defendant appeals. Reversed.

This is an appeal by the defendant from a judgment of the county court of
the county of Tompkins in favor of the plaintiffs, entered in the office of the
clerk of the county of Tompkins on the 5th day of October, 1900, upon the
verdict of a jury, and also from an order entered in said clerk's office on the
same day, denying the defendant's motion for a new trial made upon a case
and exceptions. On the 22d day of May, 1896, plaintiffs owned and main-
tained a lunch wagon in the city of Ithaca. The defendant also owned a
lunch wagon, which was maintained in the city of Ithaca by the plaintiffs as
his employés. On that day the defendant offered to sell his lunch wagon to
the plaintiffs, stating that his health was getting poor, that he wanted to get
out of the business, and that he would not put a wagon in Ithaca or sell
one to anybody to run there. The plaintiffs accepted the offer, and suggested
that a contract be drawn, and the three went to the office of a lawyer, where
the plaintiffs told the lawyer that they had bought the lunch wagon of the
defendant, and wanted to get a contract drawn, and the terms of the contract
were stated. The plaintiffs claim that they forgot to tell the lawyer that
part of the agreement in which the defendant agreed not to put another lunch
wagon in Ithaca. After the contract had been drawn it was read over, and
the lawyer asked if it was all right, whereupon the plaintiffs said that it
was all right, except the clause in regard to defendant's agreement not to put
a lunch wagon in Ithaca, or selling one to anybody to be maintained there.
The lawyer stated that he would draw a new contract or interline such a provi-
sion in the contract he had drawn. The defendant said that it was not neces-
sary; that he was in a hurry; that the plaintiffs had always done as they
had agreed by him, and that he certainly would by them. The lawyer said
that it would be better to have the entire agreement in writing, but it was
not redrawn or changed. The contract was then executed in duplicate, and
acknowledged before a notary. The material part of the contract is as follows:
"Party of the first part hereby sells, transfers, and delivers to the parties of
the second part one Cornell Cafe, situated on Eddy street, in said city, for
several weeks last past, run by parties of the second part, together with all
of the fixtures and appurtenances thereto, belonging and owned by said party
of the first part, for and in consideration of the sum of one thousand dollars
($1,000), which consideration of one thousand dollars is to be paid to the party
of the first part by the parties of the second part as follows: Fifty dollars
($50) to be paid even date herewith, the receipt whereof is hereby confessed
and acknowledged; fifty dollars ($50) within one week from this date; the
balance of said consideration, or the sum of nine hundred dollars ($900), to be
paid in installments of twenty-five dollars ($25) each, weekly thereafter, the

first of said installments to be due and payable on June 5, 1896, with annual interest upon all sums unpaid at the rate of five per cent." After plaintiffs had continued the business with the two wagons a little over a year, a third wagon was brought to Ithaca, and a lunch business was maintained therein. It is claimed by the plaintiffs that this wagon was owned and maintained by the defendant, and this action was brought against him by the plaintiffs for damages by reason of the alleged breach of the agreement not to put another lunch wagon in Ithaca. The action was originally brought and tried in justice's court, and a verdict of $200 found in favor of plaintiffs. An appeal was taken to the county court of Tompkins county for a new trial, and on such new trial a verdict of $200 was again found for the plaintiffs.

Argued before PARKER, P. J., and SMITH, KELLOGG, EDWARDS, and CHASE, JJ.

E. E. Mellon, for appellant.
Simeon Smith, for respondents.

CHASE, J. The trial court allowed the plaintiffs to give evidence of the alleged oral agreement preceding and accompanying the execution of the written agreement, subject to the defendant's objection that the same was inadmissible to vary, modify, or extend the written instrument. The writing executed by the parties was a formal one, and it appears on its face to be a complete contract, expressing the full agreement by and between the parties. The plaintiffs contend that the oral agreement in regard to maintaining another lunch wagon is a collateral and independent agreement, and that parol evidence was properly received in regard to the same. In the case of Costello v. Eddy (Sup.) 12 N. Y. Supp. 236, the court, in discussing a case involving substantially the same facts presented in this case, uses the following language:

"Adopting the plaintiff's theory of the contract, it was to sell the business, the stock, and the good will of the defendant, and as to him the exclusive right of enjoyment and monopoly of the business of carrying on a bakery in Saratoga, in consideration of all of which the plaintiff agreed to pay $2,000. Now, suppose that, in drawing the contract, all other articles, rights, and privileges intended to be transferred by the parties had been specified in the contract, except the horses and harness; could the plaintiff, in an action at law for damages for a failure to deliver the horses and harness, prove, notwithstanding the writing, that they were embraced in the sale and paid for by the $2,000? We think not."

The decision in the Costello-Eddy Case was affirmed by the court of appeals, the court adopting the opinion from which the above quotation is taken as the opinion of that court. 128 N. Y. 650, 29 N. E. 146.

The statements made by the parties to this action, and advice of counsel given when the writing was being prepared, show that the parol agreement was considered by all as one entire agreement, all of which, to be binding upon the parties, should be incorporated into the written agreement. The parol evidence preceding and accompanying the execution of the written agreement was improperly received.

Judgment reversed. New trial granted, with costs to the appellant to abide the event. All concur.