## James Durham v. Lyman R. Lathrop.

1. Evidence—*Oral Agreement Contemporaneous with Writing May be Proven by Parol.*—An oral agreement by the vendor of property not to carry on a competing business, in no way inconsistent with any of the terms of the contemporaneous writings, may be proven by the parol evidence.

2. Recoupment—*By Purchaser of Partnership Assets.*—An uncompleted contract upon which a partnership is earning large profits is a firm asset, and passes to the purchaser on a sale by one partner to another of all his interest in the firm, and in an action on a note, given as a part consideration for the business sold, if the vendor has destroyed or impaired the value of this asset, it would seem to be the right of the purchaser to avail himself of a claim for damages by way of recoupment.

**Assumpsit,** on a promissory note.    Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding.    Heard in this court at the October term, 1900.    Reversed and remanded.    Opinion filed June 20, 1901.

This suit was brought by appellee against appellant upon a promissory note, and appellant sought to recoup and set off for damages resulting from breach of contract.

Appellant and appellee were copartners, engaged in the business of selling furniture upon commission.    They had various contracts with manufacturers, among which was the following contract, in writing, with the Kemnitz Furniture Co. of Green Bay, Wisconsin :

"GREEN BAY, WIS., Oct. 20, '98.

"Agreement:    Made this 20th day of October, 1898, between Kemnitz Furniture Co., Green ·Bay, Wis., parties of the first part, and Durham & Lathrop, Chicago, Ill., parties of the second part.

"Parties of the first part agree to make such furniture and at such prices as shall be agreed on by both parties from time to time; but in case the parties should fail to agree as to price at any time the parties of the first part reserve the right to fix such price.

"Parties of the first part agree to ship one hundred thousand dollars ($100,000) of said furniture on accepted orders taken by parties of the second part, and agree to pay six and one-half per cent ($6\frac{1}{2}$) commission on accepted orders, both direct and mail.

"Parties of the first part agree to make a statement the first of each month on all goods shipped on said orders the month previous, and to pay commissions due not later than the fifth of each month.

"Parties of the first part further agree to furnish parties of the second part with such samples and photographs of their goods as shall be needed for the Chicago salesmen without expense to parties of the second part.

"Parties of the second part agree to show in their Chicago salesroom a complete line of samples without expense for rent or care to parties of the first part (said samples to be held as consigned goods, and subject to orders from parties of the first part only), and to employ such salesmen as are necessary to cover or work their territory thoroughly.

"Parties of the second part agree to give their time and best efforts to getting out new designs, and to the selling of said amount of furniture.

"Parties of the second part further agree to personally do everything in their power to further the interests of parties of the first part.

"Parties of the second part to have control of such territory as previously agreed upon, provided parties of the first part are satisfied with amount of trade obtained therein.

"Parties of the first part reserving the right to contract for the sale of their goods in such territory not taken care of, as they may deem necessary to secure the volume of business desired.

"This agreement shall be in force for one year from January 1st, 1899, to January 1st, 1900.

THEO. KEMNITZ FURN. CO.,
DURHAM & LATHROP."

The territory covered by this contract is shown to have included the entire United States except Minnesota, the Dakotas, Michigan, part of Iowa and part of Wisconsin.

On September, 27, 1899, the firm of Durham & Lathrop was dissolved by mutual consent. There were oral negotiations in relation to the dissolution, and writings were drawn up and executed. Written proposition by appellee to appellant:

"SEPTEMBER, 27, 1899.

"I will buy or sell for $3,300; buyer to take everything and assume all debts. Terms, $3,000 cash; $300 order on Kemnitz Furniture Co. Settlement to be made to-day.

LYMAN R. LATHROP."

On the same day the following writings were executed:

"SEPTEMBER 27th, 1899.

I have this day sold to James Durham all of my interests in the firm of Durham & Lathrop. Receipt of money is hereby acknowledged.

LYMAN R. LATHROP."

"SEPTEMBER 27th, 1899.

Received of James Durham thirty-three hundred dollars in full of all demands to date.

LYMAN R. LATHROP."

"SEPTEMBER 27th, 1899.

The firm of Durham & Lathrop is this day dissolved by mutual consent. James Durham will assume all liabilities and collect all accounts and will succeed the firm of Durham & Lathrop. JAMES DURHAM,
LYMAN R. LATHROP."

There was a conflict in the evidence as to whether there was an oral agreement made contemporaneously with and as part of the contract of dissolution, to the effect that appellee would not interfere with the business of Durham & Lathrop, to which appellant succeeded. Appellant and two others testify in effect that such an oral agreement was made. Appellee denied making any such agreement, stating that the language used by him was, "I am not," instead of "I will not," interfere with the accounts of Durham & Lathrop.

It is uncontroverted that appellee did, immediately after the dissolution, proceed to interfere with the exclusive control of appellant in selling the goods of the Kemnitz Company in the territory designated, and that appellee, during the life of the Durham & Lathrop contract with the Kemnitz Co., made sales upon which he realized between four and five hundred dollars as commissions.

The note sued on by appellee was given to him by appellant in part payment under the agreement of dissolution.

The issues were submitted to the court without a jury. The court found the issues for appellee, the plaintiff, and assessed his damages at the amount due upon the promissory note, and found against the claim of recoupment and set-off of appellant, the defendant.

From the judgment upon the finding, this appeal is prosecuted.

THERON DURHAM and SAMUEL W. PACKARD, attorneys for appellant.

HARRY P. SIMONTON, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

We are of opinion that a decided preponderance of the evidence went to support the contention of the appellant that an oral contract was entered into, as part of the dissolution contract, to the effect that appellee would not interfere with the business of the former copartnership, to which the appellant succeeded. It is true that appellee denied the making of such a contract, but the denial is lame. He

stated that what he said was, "I am not" (interfering)
instead of " I will not " (interfere) with the accounts.   But
at the time of this admitted conversation there had been no
purchase or sale.   Durham had not bought and Lathrop
had not sold.   There was, then, no occasion or reason for
disclaiming that Lathrop was at that time interfering with
the business, for he was then a copartner and his right
to interfere could be questioned by no one.   Against this
weak denial by Lathrop, three witnesses testify, in effect,
that he did agree that he would not interfere with the busi-
ness if his proposition to sell was accepted by Durham.
We do not regard this oral transaction as merged in the
writings.   No one of the writings, nor all of them, purport
to be a complete contract, embodying all the terms of the
agreement.   The oral agreement not to interfere with the
business to which his former partner was to succeed, and
for which he, Lathrop, was to be paid, is in no way incon-
sistent with any of the terms of any of the writings, nor
does it vary them.   We think it was competent to show
this oral agreement, and that it was not merged in the
writings.   2 Jones on Evidence, Secs. 444, 5, 6; 2 Taylor on
Evidence, Secs. 1135–1147;  Pierce v. Woodward, 6 Pick.
206; Phœnix Pub. Co. v. Riverside Co., 54 Minn. 205; Bat-
terman v. Pierce, 3 Hill, 171; Routledge v. Worthington
Co., 119 N. Y. 592.

Among other instances illustrative of the rule, the author
in Jones on Evidence gives " a contemporaneous agreement
by the vendor of property not to carry on a competing
business."

In Pierce v. Woodward, *supra*, the Massachusetts court
held that where the defendant sold the plaintiff a grocery
store for a sum of money stated' in the deed, and agreed
verbally not to carry on the same kind of business within
a certain distance, it was a sufficient consideration for the
agreement that the plaintiff was thereby induced to pur-
chase, and that such agreement was consistent with the
deed and it did not relate to the conveyance and so might
be proved by parol evidence.

Irrespective of the evidence showing a distinct agreement by appellee, as part of the purchase consideration, not to interfere with appellant's business, which he had just sold to appellant, it is a question of grave doubt if appellant might not, without such agreement, yet recoup for the damages claimed. This uncompleted contract was a firm asset. It constituted a valuable property right, and it belonged to the copartnership. Hence it was a firm asset. Scutt v. Robertson, 127 Ill. 135; Maywood v. Richards, 166 Ill. 466; Castle v. Marks, 63 N. Y. Supp. 1039; Little v. Caldwell, 101 Cal. 553; Ambler v. Bolton, 14 L. R. Eq. Cases, 427.

The note sued upon was given by appellant to purchase this, among other assets of the firm. That appellee had destroyed or impaired the value of this asset would seem to be proper matter of recoupment in a suit brought upon the note. Batterman v. Pierce, *supra.*

The contract between the firm of Durham & Lathrop and the Kemnitz Co. purports to give the former the "control of such territory" as agreed upon. This can mean nothing less than an exclusive right to sell the goods manufactured by the Kemnitz Co. within the territory designated. The reservation in favor of the Kemnitz Co. that in case Durham & Lathrop failed to make satisfactory sales, the former might sell through others within the prescribed territory, does not affect the question as here presented, for the evidence discloses that the firm of Durham & Lathrop had succeeded in selling all that could be reasonably exacted by the Kemnitz Co. under the terms of the contract in the time during which the contract had run. The very reservation shows that the Kemnitz Co. regarded the right conveyed to Durham & Lathrop as an exclusive right, subject to the reservation. But it is enough for the determination of this appeal that a preponderance of the evidence establishes a specific contract not to interfere with appellant's business.

The fourth proposition of law, proffered by appellant and marked refused by the court, indicates that the learned

trial court disregarded this evidence and declined to pass upon the question of preponderance. That proposition was as follows :

"The law is that if the court believes from the evidence that the defendant, Durham, purchased from the plaintiff, Lathrop, at the time of the dissolution of the partnership, the entire assets of the partnership business, and that this included the right to all the business which might be done with the Kemnitz Furniture Company in the territory embraced in the agreement with said Kemnitz Furniture Company during the year 1899, and that said plaintiff, Lathrop, in violation of said agreement, sold furniture for said Kemnitz Furniture Company during the year 1899 in the territory embraced in said agreement with said partnership, then the amount of the commissions so earned by said plaintiff, Lathrop, upon such sales, so far as the same are shown by the evidence, if equal to or greater than the amount due on the note sued on, are a proper matter of set-off or recoupment by the defendant in this case."

This proposition of law should have been held, and, guided by it, the court should, in our opinion, have found from the evidence that there was a valid and enforceable contract that appellee would not interfere with the business which he sold to appellant, and that for breach of that contract appellant was entitled to recoup and claim set-off under the notice filed with the general issue. There is no merit in the contention of counsel for appellee that the certificate to the bill of exceptions or to the record is insufficient. The bill of exceptions is certified as containing all of the evidence, and the certificate of the clerk to the record is sufficient.

The judgment is reversed and the cause is remanded.